558

BURTON–SUTTON OIL CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 11871.

Circuit Court of Appeals, Fifth Circuit.

May 9, 1947.

Norman F. Anderson, Elias R. Kaufman, and W. W. Thompson, all of Lake Charles, La., for petitioner.

Hilbert P. Zarky and Helen R. Carloss, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., contra.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

PER CURIAM.

This case was reviewed by this court in Burton-Sutton Oil Co. v. Commissioner, 5 Cir., 150 F.2d 621, and on certiorari by the Supreme Court, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062, 162 A.L.R. 827. The outcome was a remand to the Tax Court by this court "for further proceedings in conformity with the opinion of the Supreme Court," and a command "that such execution and further proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had". In an oil business this taxpayer had paid large sums because of oil produced to another, which sums the Supreme Court held were not income to the taxpayer, but to this other, whose economic interest in the oil reserve was thereby depleted, so that the taxpayer was entitled to take credit for the payments in his income tax return. The Commissioner had held them income to the taxpayer and had allowed additional depletion at the rate of 27½% on the income from the property thus increased. The Tax Court, although the Commissioner had filed no pleading claiming that relief and no evidence was offered on the point, in its final redetermination of the tax not only allowed the deduction from the gross income of these payments, but also reduced the depletion allowance from the amount the Commissioner had allowed to 27½% of the reduced income. Appellant taxpayer claims the alteration of the depletion allowance was unauthorized by the mandate.

In Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 954, 84 L.Ed. 1277, it was said: "It is settled that the same basic issue determines both to whom income derived from the production of oil and gas is taxable and to whom a deduction for depletion is allowable. That issue is, who has a capital investment in the oil and gas in place and what is the extent of his interest." In the present case the basic issue was decided by the Supreme Court as respects income. It impliedly and necessarily decided whose was the depletion allowable against this income. The two are inseparably bound together. Our mandate to the Tax Court was to take further proceedings according to right and justice and the laws of the United States. We think all three require that in

redetermining these taxes the correction of the income charged must be accompanied by a correction of the percentage depreciation deduction, generated and measured by the income from oil production. The Tax Court points out that no new evidence was needed. Simple arithmetic sufficed.

Judgment affirmed.